# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 13, 2019

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| SHERRY SMITH, | \* | UNPUBLISHED |
| | \* | |
| Petitioner, | \* | No. 15-33V |
| | \* | Special Master Gowen |
| v. | \* | |
| | \* | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Diana L. Stadelnikas</u>, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner.
<u>Sarah C. Duncan</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 31, 2019, Sherry Smith ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 78). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of **$86,155.45.**

### I.     Procedural History

On January 12, 2015, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that an influenza vaccination she received on October 12, 2012, caused her to suffer from inflammatory polyarthritis. On December 19, 2018, the parties filed a stipulation, which I adopted as my Decision awarding damages on the same day. Decision,

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

ECF No. 72.

On January 31, 2019, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Ms. Diana Stadelnikas, in the total amount of $86,098.68, representing $44,428.90 in attorneys' fees and $41,669.78 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants that she has personally incurred costs in the amount of $56.77 in pursuit of this litigation. *Id.* at 2. Respondent reacted to the fees motion on February 8, 2019, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 80). Petitioner filed a reply on February 11, 2019, reiterating her belief that the requested fees and costs are reasonable. Reply at 2 (ECF No. 81). The matter is now ripe for adjudication.

## II.    **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.    **Attorneys' Fees**

Petitioner requests the following rates of compensation for her attorney, Ms. Stadelnikas: $300.00 per hour for work performed in 2013-2015, $359.00 per hour for work performed in 2016, $372.00 per hour for work performed in 2017, $396.00 per hour for work performed in 2018, and $415.00 per hour for work performed in 2019. Fees App. Ex. 1 at 20. These rates are consistent with what Ms. Stadelnikas has previously been awarded for her Vaccine Program work by myself and other special masters. Accordingly, no adjustment to the rates is required.

Upon review of the submitted billing statement, I find that the overall hours spent on this matter (157.3) appear to be reasonable. The entries are reasonable and accurately describe the work being performed and how long it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to the full amount of attorneys' fees sought, **$44,428.90**.

### b.    **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $41,669.78. Fees App. Ex. 2 at 2. Most of this amount ($39,780.00) is for the expert work of Dr. Thomas Zizic, who prepared two expert reports in this matter. Dr. Zizic's requested rate of $400.00 per hour has consistently been found to be reasonable by other Special Masters, and I too find it to be reasonable for the work performed in this case. *See Moran v. Sec'y of Health & Human Servs.*, No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019); *Bourche v. Sec'y of Health & Human Servs.*, No. 15-232V, 2017 WL 2480936 (Fed. Cl. Spec. Mstr. May 11, 2017). I also find the overall time billed by Dr. Zizic to be reasonable given the amount of medical records he reviewed and the quality of his reports.

The remainder of the costs are for acquisition of medical records, postage, and the Court's filing fee. All of these costs are typical of Vaccine Program litigation and Petitioner has provided adequate documentation for them. Accordingly, Petitioner is entitled to the full amount of costs sought.

### c.  Petitioner's Costs

Pursuant to General Order No. 9, Petitioner warrants that she has personally incurred costs of $56.77 for the acquisition of medical records. Fees App. Ex. 3 at 1-3. Petitioner has provided adequate documentation for this cost and it shall be fully reimbursed.

## III.  Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $44,428.90 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$44,428.90** |
| | |
| Attorneys' Costs Requested | $41,669.78 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$41,669.78** |
| | |
| **Total Attorneys' Fees and Costs** | **$86,098.68** |
| | |
| **Petitioner's Costs** | **$56.77** |
| | |
| **Total Amount Awarded** | **$86,155.45** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $86,098.68, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Ms. Diana Stadelnikas[3]; and**

2) **A lump sum in the amount of $56.77, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).